UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>K.O.O. CONSTRUCTION, INC., et al.,<br><br>Defendants. | Case No. 16-cv-00518-JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 151 |

## I. INTRODUCTION

This is an action brought by Plaintiff Travelers Casualty and Surety Company of America ("Travelers") against Defendants K.O.O. Construction, Inc. and Keith Odister for breach of indemnity contracts (and related claims) regarding government construction contracts for which Travelers served as a surety. The Court previously granted a motion by Travelers for partial summary judgment as to Defendants' liability to indemnify Travelers for certain payments, without resolving issues of potential offsets or credits to which Defendants might be entitled. Travelers now brings a second, similar motion as to additional payments, including costs incurred by Travelers in investigating and resolving claims. The Court held a hearing on May 11, 2018. For the reasons discussed below, Travelers' motion is GRANTED in part, but DENIED as to one payment on a claim and as to Travelers' attorneys' fees and costs.[1]

A case management conference will occur on June 8, 2018 at 2:00 PM. Counsel are encouraged to apply to appear at that conference telephonically. The parties are instructed to file an updated case management statement no later than June 1, 2018.

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

### A. The Court's Previous Summary Judgment Order

On December 16, 2016, the Court granted in part Travelers' first motion for partial summary judgment. *See generally* 1st S.J. Order (dkt. 75).[2] Based on the undisputed indemnity contracts between the parties, the Court held that Travelers has "broad discretion to settle claims for payment." *Id.* at 13. "Each agreement also provides that an 'itemized, sworn statement' by a Travelers employee constitutes prima facie evidence of Defendants' liability to indemnify Travelers," which "establishes a standard for what Travelers must show to meet its initial burden, but allows Defendants to rebut such a showing with evidence to the contrary"—"i.e., that Travelers did not actually pay what it claims to have paid . . . or that Travelers acted in bad faith in making such payments." *Id.* The Court noted that such burden shifting provisions are valid and enforceable, and therefore granted Travelers' motion for partial summary judgment as to certain payments that it made on bonds covered by the indemnity agreements. *Id.* at 13–14. Travelers submitted checks as evidence of most of the payments it made, but while it omitted a check for one payment, the Court held that the itemized declaration of Travelers' associate claim counsel Brittany Rose was sufficient for Travelers to recover for that payment based on the agreements' prima facie evidence provisions. *Id.* at 14 n.11. The Court declined to grant partial summary judgment as to payments raised for the first time in Travelers' reply brief. *Id.* at 15.

### B. Present Arguments and Evidence

#### 1. Travelers' Motion

Travelers now once again seeks partial summary judgment, contending that it is entitled to indemnity for claims paid since the Court's previous order and expenses incurred resolving such claims. *See generally* 2d Mot. for Partial Summ. J. ("2MPSJ," dkt. 151). Specifically, Travelers' motion asserts that Travelers is entitled to an additional $4,164,822.95 for claims paid and $618,392.59 for fees and costs, for a total of $4,783,215.54. *Id.* at 10. These totals do not account

---

[2] *Travelers Cas. & Sur. Co. of Am. v. K.O.O. Constr., Inc.*, No. 16-cv-00518-JCS, 2016 WL 7324988, at *1 (N.D. Cal. Dec. 16, 2016). Citations herein to the Court's previous order refer to page numbers of the version filed in the Court's ECF docket.

for any offsets or credits to which Defendants might be entitled, the amount or validity of which would be reserved for trial. *See id.* Travelers contends that a declaration by Brittany Rose satisfies its burden to make a prima facie showing of liability, and that there is no issue of material fact as to whether Travelers made such payments "under the belief that it was necessary or expedient" to do so, as required by the indemnity agreements. *Id.* at 15–18.

### 2. Defendants' Opposition

Defendants contend that "[e]ven assuming" that a declaration by one of Travelers' employees is sufficient to establish "the 'propriety and existence' of liability," it is not sufficient to establish the *amount* of liability, because the contracts at issue do not explicitly include the word "amount," whereas later indemnity contracts between the parties do. Opp'n (dkt. 155) at 1. Defendants argue that to infer that the earlier contracts at issue implicitly allow Travelers to establish an amount of liability through an itemized declaration would render the word "amount" superfluous in the later contracts, and thus would not be a permissible interpretation. *Id.* at 2. Defendants also argue that the contracts "cannot eliminate or alter the rules of evidence," and that Rose's declaration and the attached summaries of payments are inadmissible under the rule against hearsay and the best evidence rule. *Id.* at 2–5 (citing Fed. R. Evid. 802, 1002). Defendants state that there would be no way for them to dispute the validity of Travelers' purported payments without access to the underlying proof of payment, which Travelers does not typically provide to them.[3] *Id.* at 3–4.

In addition to the arguments above, with specific respect to Travelers' attorneys' and consultants' fees, Defendants contend that such payments are not subject to the prima facie evidence provisions of the contracts because they are not themselves payments *on claims* under the bonds at issue. *Id.* at 5. Defendants also question the reasonableness of Travelers having paid five different law firms, and specifically dispute one $478 payment listed as having been made in 2015 to a law firm that ceased to exist in 2010. *Id.* at 4.

Defendants also dispute one of the actual claim payments, relying on the declaration of

---

[3] It is not clear from either party's submissions why Defendants did not have access to the underlying payment documentation through discovery before Travelers filed the present motion.

3

Defendant Keith Odister and the attached objection that he submitted to Travelers to argue that Travelers' payment of $127,451.94 to a company by the name of Legacy Specialties was unreasonable and violated Travelers' duty of good faith and fair dealing. *Id.* at 5–6; *see generally* Odister Decl. (dkt. 155-2).

### 3. Travelers' Reply and Supplemental Evidence

Travelers disputes Defendants' argument that the lack of the word "amount" in the contracts at issue is meaningful, contending that similar clauses without that word have been enforced in other cases and that Defendants cite no authority for their position that the inclusion of the word in subsequent contracts between the parties alters the meaning of the earlier contracts at issue here. Reply (dkt. 158)[4] at 2–5. Regardless, however, Travelers filed with its reply an additional declaration of Brittany Rose attaching copies of checks for payments made on claims, *see generally* Rose Reply Decl. (dkt. 157-2), and later filed a third declaration by Rose attaching checks and screenshots from Travelers' accounting software documenting payments made for other costs incurred related to claims, such as attorneys' fees and travel expenses, as well as costs and fees incurred litigating the present action, *see generally* Rose Supp'l Decl. (dkt. 160). Rose's supplemental declaration withdraws Travelers' request for judgment on its $478 payment to the defunct law firm, which Travelers found on further review that it had paid in 2005 rather than 2015, for reasons Travelers could not determine. *Id.* ¶ 8 & Ex. 1. With respect to the remaining payments, Travelers contends that even if the Court agreed with Defendants' evidentiary objections to the initial summary declaration, this additional evidence should satisfy those objections. Reply at 4–6. Travelers also argues that the declarations by Rose and Travelers' outside counsel Michael Timpane (dkt. 151-1) evince Travelers' good faith in paying claims and expenses. *Id.* at 6.

Travelers also submits a declaration by its bond claim representative David Montstream addressing the particular payment to Legacy Specialties disputed in Odister's declaration. *See*

---

[4] The version of Travelers' reply brief cited herein was filed under a notice of errata to correct a formatting issue.

*generally* Montstream Decl. (dkt. 157-1). Montstream's declaration attaches some, but not all,[5] of the correspondence between Travelers and Legacy Specialties related to that claim, and states that another Travelers' employee or contractor, Rod Tompkins, investigated the claim at the time and determined that it was generally valid. *Id.* ¶¶ 5–7 & Ex. A. Travelers argues that Odister's declaration is too conclusory to defeat summary judgment and that Montstream's declaration establishes that Travelers paid the claim in good faith. Reply at 6–7.

### 4. Defendants' Surreply

In response to Travelers' reply and supplemental evidence, the Court issued an order on April 13, 2018 continuing the hearing on the present motion and permitting Defendants to file a surreply of up to fifteen pages on the basis that, even though Travelers filed its evidence after normal briefing had closed, "[i]nterests of efficiency favor considering this late-filed evidence in the context of the pending motion rather than deferring consideration until trial." Dkt. 161. Defendants filed a two-page surreply citing no authority and arguing only that the Court should not consider evidence filed with or after Travelers' reply brief. *See generally* Surreply (dkt. 171). Defendants do not address the substance of the documents submitted with Brittany Rose's reply declaration, and they do not appear to have seen her subsequent supplemental declaration, which was filed three days before the Court's order permitting a surreply and ten days before Defendants filed their surreply, and which the Court referenced specifically in its order. *See id.* at 2 (stating that Travelers "nevertheless asks the Court to enter judgment before Travelers produces the evidence" of attorneys' fees and other claims-related costs, and asserting that Travelers "ignores . . . entirely" the issue of the purported payment to a defunct law firm, for which Travelers in fact withdrew its claim in Rose's supplemental declaration).

### III. ANALYSIS

#### A. Legal Standard

Summary judgment on a claim or defense is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[5] The attached correspondence refers to emails dated January 21 and February 9, 2017, which are not included in the record. *See* Montstream Decl. Ex. A.

law." Fed. R. Civ. P. 56(a). In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to designate "specific facts showing there is a genuine issue for trial." *Id*. "[T]he inquiry involved in a ruling on a motion for summary judgment . . . implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 252 (1986). The non-moving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Keenan v. Allan*, 91 F.3d 1275, 1278 (9th Cir. 1996). Thus, it is not the task of the court to scour the record in search of a genuine issue of triable fact. *Id*. at 1229; *see Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); Fed. R. Civ. P. 56(c)(3).

A party need not present evidence to support or oppose a motion for summary judgment in a *form* that would be admissible at trial, but the *contents* of the parties' evidence must be amenable to presentation in an admissible form. *See Fraser v. Goodale*, 342 F.3d 1032, 1036−37 (9th Cir. 2003). Conclusory, speculative testimony in affidavits and arguments in moving papers are insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). On summary judgment, the court draws all reasonable factual inferences in favor of the non-movant, *Scott v. Harris*, 550 U.S. 372, 378 (2007), but where a rational trier of fact could not find for the non-moving party based on the record as a whole, there is no "genuine issue for trial" and summary judgment is appropriate. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). In considering Travelers' motion, the Court therefore draws all reasonable inferences in favor of Defendants.

**B. Travelers Is Entitled to Summary Judgment as to Most Payments on Claims**

As noted in this Court's previous order and Travelers' briefs on the present motion, courts have routinely given effect to burden shifting provisions in surety indemnity contracts that establish standards for prima facie evidence comparable to the provisions at issue here. *See* 1st SJ

Order at 13–14. The provisions here read as follows:

> An itemized, sworn, statement by an employee of [Travelers] or a copy of the voucher of payment shall be prima facie evidence of the propriety and existence of Indemnitors' liability.

Burgett Decl. (dkt. 58-2)[6] Ex. J (2002 agreement) § 5.

> An itemized, sworn statement by an employee of [Travelers], or other existence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability.

*Id.* Ex. K (2004 agreement) § 3; 1st Am. Compl. (dkt. 11) Ex. C (2010 agreement) § 3 (including language identical to that of the 2004 agreement).

The failure to include the word "amount" in the 2002 indemnity agreement is not significant. Defendants' argument from the principle that surplusage should be avoided might have merit if some other provision *of the same contract* included "amount" in addition to "propriety and existence," thus drawing an implied distinction between those concepts, but Defendants cite no authority for the proposition that a contract should be interpreted to avoid rendering language superfluous in separate, future agreements that did not yet exist at the time of its drafting. The ramifications of such an approach would include a perverse incentive against including clearer language in future versions of a contract for fear that it could be used as evidence of a contrary, rather than consistent, intent behind the less specific language of an earlier version. Viewing the language of the 2002 agreement in the context of that agreement, Defendants' proposed interpretation undermines the purpose of the provision at issue, because there would be no reason to provide Travelers with the alternatives of either vouchers *or* an itemized statement to establish the existence of liability if Travelers was always required to also provide vouchers or similar evidence to establish the amount of liability. The Court therefore holds that in the context of the 2002 agreement, the "existence" of liability encompasses the amount of such liability.

The Court further holds that in resolving a claim for breach of contract, evidence specifically provided by the contract as appropriate and sufficient for resolving disputes thereunder may be considered even if such would not otherwise be sufficient for that purpose

---

[6] This declaration was filed with Travelers' previous motion for partial summary judgment.

under the Federal Rules of Evidence. *See Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council Inc.*, No. 12-CV-01830-JCS, 2018 WL 1156605, at *17 (N.D. Cal. Mar. 5, 2018) ("Where a settlement agreement calls for the consideration of particular documents or evidence . . . that agreement will be respected in evaluating compliance with the agreement regardless of whether the documents at issue would otherwise be admissible under the Federal Rules of Evidence.") (citing *CSL, L.L.C. v. Imperial Bldg. Prods., Inc.*, No. 05-15931, 2006 WL 679891, at *1 (9th Cir. Mar. 15, 2006)). Because the contracts provide that an itemized, sworn statement by a Travelers employee is sufficient as prima facie evidence of liability, the summary declaration of Brittany Rose and its attached itemizations of payments are therefore appropriately considered in this context despite Rules 802 and 1002 of the Federal Rules of Evidence, and establish, subject to rebuttal, that Defendants are liable under the indemnity agreements for the payments itemized therein.

Even if Rose's initial declaration were not sufficient under the contracts or the Federal Rules, however, Travelers has now cured any such deficiency by providing the sort of documentation that Defendants initially argued was lacking. *See* Opp'n at 3 ("Second, and more importantly, the Rose Declaration fails to attach proof of actual payments (i.e. checks) for the claims . . . ."). Defendants argue that the Court should not consider evidence first submitted with a reply brief, *see generally* Surreply, but the purpose of such a rule is to ensure that each party has a sufficient opportunity to respond to an opponent's evidence, which the Court provided here by placing Defendants on notice that the Court intended to consider the evidence and allowing Defendants to file a surreply addressing it. At the hearing, counsel for Defendants conceded that Travelers' supplemental evidence cured any failure to prove the "amount" due.

Defendants only present evidence contesting two specific payments: the $478 to the law firm of McDonough, Holland & Allen and the $127,451.94 payment to Legacy Specialties, Inc. Travelers has withdrawn its claim with respect to the former and conceded that it was included in error.[7] Rose Supp'l Decl. ¶ 8.

---

[7] Regardless, as discussed below, the Court denies Travelers' motion as to all claimed attorneys' fees.

8

As for the Legacy Specialties payment, Odister states in his declaration that he provided Travelers with an objection to that payment, and attaches a letter he sent to Travelers itemizing purported deficiencies in Legacy Specialties' work. Odister Decl. ¶ 3 & Ex. A. According to Odister, he "never received a full explanation of the basis for Travelers' decision." *Id.* ¶ 5. In response, Travelers submits Montstream's declaration that a consultant concluded the claim was mostly valid and correspondence between Montstream and a lawyer for Legacy Specialties. Montstream Decl. ¶¶ 4–7 & Ex. A. Whether Travelers is entitled to summary judgment on this claim is a close question given the broad discretion vested in Travelers under the indemnity agreements. On the other hand, the posture of the present motion requires the Court to draw all inferences in favor of Defendants and consider whether any reasonable finder of fact could find in their favor. Taking into account Odister's unrebutted statement that Travelers never provided a full explanation, and without more information about the nature of the project at issue and of Legacy Specialties claims, the Court cannot say that no reasonable finder of fact could find that Travelers' breached its duty of good faith and fair dealing in its handling of the claim. Summary judgment is DENIED as to the $127,451.94 payment to Legacy Specialties, without prejudice to Travelers pursuing liability for that payment at trial.

With no evidence offered to rebut Travelers' prima facie showing regarding the remaining claims at issue, Travelers' motion for partial summary judgment is GRANTED as to Defendants' liability for all other claims listed in Exhibit A to the March 2, 2018 declaration of Brittany Rose, totaling $4,037,371.01.

**C.     Travelers Is Not Entitled to Summary Judgment as to Attorneys' Fees and Costs**

The indemnity and prima facie evidence provisions of the contracts at issue encompass not only payments made on claims, but also payment of expenses related to claims, including but not limited to attorneys' fees incurred in the investigation and resolution of claims. For example, the 2002 agreement defines the scope of indemnity as including:

> every claim, loss, damage, demand, liability, cost, charge, Bond premium, suit, judgment, attorney's fee, and expense which [Travelers] incurs in consequence of having obligations in connection with such Bonds. Expense includes but is not limited to: the cost incurred by reason of making any investigation in connection

9

> herewith; the cost of procuring or attempting to procure release from liability including the defense of any action brought in connection herewith and the cost incurred in bringing suit to enforce this Agreement against any of the Indemnitors.

*See* Burgett Decl. Ex. J § 4. The next section, which also includes the prima facie evidence provision, establishes Travelers' "right, in its sole discretion, to determine for itself and the Indemnitors whether any claim or suit brought against [Travelers] or the Indemnitors upon any such Bond shall be paid, compromised, settled, defended, or appealed." *Id.* § 5; *see also* Burgett Decl. Ex. K §§ 1, 3, 4 (including similarly broad language in the 2010 agreement). Read in context, there is no basis under any of the agreements at issue for limiting the provision that an itemized statement may serve as prima facie evidence of Defendants' liability to only liability for payments made on claims, as opposed to other expenses related to investigating, contesting, and settling claims.

The question of attorneys' fees incurred litigating *against the indemnitors*—i.e., the defendants in this action—rather than investigating or litigating the claims themselves, is more complicated. In the 2004 and 2010 agreements, the prima facie evidence clause appears in a section addressing indemnification of "all Loss," with the term "Loss" defined as including, among other things, attorneys' fees and other expenses incurred "enforcing by litigation or otherwise any provisions of this Agreement." *See* Burgett Decl. Ex. K (2004 agreement) §§ 1, 3; 1st Am. Compl. Ex. C (2010 agreement) §§ 1, 3. For the purpose of those agreements, attorneys' fees incurred in the present litigation are subject to the prima facie evidence clause.

In the 2002 agreement, however, the prima facie evidence clause appears in a section captioned "Claim Settlement," rather than in the section addressing the scope of indemnity more generally. *See* Burgett Decl. Ex. J (2002 agreement) §§ 4, 5. Although that agreement also requires Defendants to indemnify Travelers for its attorneys' fees incurred enforcing the agreement, *id.* § 4, there is no indication that the parties intended the prima facie evidence clause to apply to such fees, rather than only to expenses incurred investigating and resolving claims. Without the benefit of that clause, having submitted only the list of payments attached to Rose's initial declaration and the collection of checks and accounting screenshots with her supplemental declaration, Travelers has not presently shown that it can satisfy the Federal Rules of Evidence or

10

meet any standard of reasonableness with respect to fees incurred enforcing the 2002 agreement against Defendants in this litigation.

Travelers acknowledged at the hearing that the accounting of attorneys' fees in the current record does not differentiate between fees incurred in this litigation as compared to those incurred resolving claims. Nor is there any basis to determine to which indemnity agreement any particular payment of fees relates. The Court therefore declines to award any attorneys' fees on the present motion for summary judgment, and DENIES the motion as to the fees and costs listed in Exhibit B to the declaration of Brittany Rose.

## IV. CONCLUSION

For the reasons discussed above, Travelers' motion is GRANTED with respect to all payments listed in Exhibit A to the declaration of Brittany Rose except for the $127,451.94 payment to Legacy Specialties, Inc. The motion is DENIED as to that payment and as to all attorneys' fees and other payments listed in Exhibit B to the declaration of Brittany Rose.

**IT IS SO ORDERED.**

Dated: May 15, 2018

JOSEPH C. SPERO
Chief Magistrate Judge