Michael J. Timpane (SBN 115238)
Edward R. Stepans (SBN 154233)
**SMTD LAW LLP**
1999 Harrison Street, Suite 660
Oakland, California 94612-3584
(510) 907-3245
(510) 285-6052 (f)
mt@smtdlaw.com; es@smtdlaw.com

Attorneys for Plaintiff
Travelers Casualty and Surety Company of America

Arthur G. Woodward (SBN 142914)
**REYNOLDS MADDUX WOODWARD LLP**
500 Auburn Folsom Road, Suite 210
Auburn, CA 95603
(530) 885-8500
(530) 885-8113 (f)
awoodward@rmwlawllp.com

Attorneys for Defendants
K.O.O. Construction, Inc. and Keith Odister

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>K.O.O. CONSTRUCTION, INC., a California corporation; and KEITH ODISTER, an individual, inclusive,<br><br>Defendants. | Case No. 316-CV-00518-JCS<br><br>**SIXTH AMENDED JOINT CASE MANAGEMENT STATEMENT AND RULE 26 REPORT**<br><br>Date:      July 20, 2018<br>Time:      2:00 p.m.<br>Location: 450 Golden Gate Ave.,<br>            15th Floor, Courtroom G<br>            San Francisco, CA 94102 |

The appearing parties to the above-entitled action jointly submit this updated JOINT CASE MANAGEMENT STATEMENT for the July 20, 2018 case management conference in this matter.

**SIXTH AMENDED JOINT CASE MANAGEMENT
STATEMENT AND RULE 26 REPORT**

PLAINTIFF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA ("TRAVELERS") has filed a complaint against DEFENDANTS K.O.O. CONSTRUCTION, INC. ("KOO") and KEITH ODISTER ("ODISTER"). KOO and ODISTER have filed an answer to TRAVELERS complaint. KOO AND ODISTER have voluntarily dismissed their counterclaim against TRAVELERS.

**1.   Jurisdiction and Service**

This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1332 (a) because (a) there is complete diversity between TRAVELERS and DEFENDANTS, since TRAVELERS is a citizen of the State of Connecticut and the DEFENDANTS are citizens of the State of California, and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

TRAVELERS contends that venue is proper in this Court pursuant to 28 U.S.C. section 1391 (b) (2) because a substantial part of the events or omissions giving rise to TRAVELERS' claims occurred in the region governed by the San Francisco Division of the United States District Court for the Northern District of California.  DEFENDANTS contend that the events or omissions giving rise to TRAVELERS' claims occurred in the United States District Court for the Eastern District of California.

**2.   Facts**

**TRAVELERS' Complaint:**

In order to induce TRAVELERS to issue bonds related to various construction projects on behalf of KOO and non-party Total Team Construction Services ("TTCS"), DEFENDANTS executed two separate General Indemnity Agreements under which they promised to completely indemnify and hold TRAVELERS harmless from all damage, loss or expense the TRAVELERS incurs as a result of having issued the bonds.

The first agreement, executed on or about October 23, 2002 was to induce TRAVELERS to issue bonds on behalf of KOO (the "KOO Indemnity

Agreement"). This agreement stands unchanged to this day. The next agreement, originally executed on October 18, 2004, was to induce TRAVELERS to issue bonds on behalf of TTCS. DEFENDANTS terminated this agreement on July 1, 2010, but then reassumed some liability on August 24, 2012 by executing an agreement in 2012 (the "2012 TTCS Rider") for any losses incurred by TRAVELERS as a result of it having issued bonds on a specific TTCS project known as the Fort Hunter Liggett Project.

After execution of the KOO Indemnity Agreement, KOO entered into contracts to construct various construction projects (the "KOO Projects"). DEFENDANTS requested that TRAVELERS furnish bonds on these projects. The Court issued an order on December 16, 2016 granting partial summary judgment in favor of Travelers in the amount of $724,428.85 plus interest of $18,763.96 as a result of KOO's failure and inability to pay its vendors and otherwise satisfy its obligations on the KOO Projects and the Fort Hunter Liggett Project, as well as granting a writ of attachment. (Case Docket No. 75.) Since the entry of the order, Travelers has paid additional amounts and incurred additional expenses in connection with the KOO Projects and the Fort Hunter Liggett Project. The Parties dispute the total amount of the additional payments and expenses. Additionally, TRAVELERS has been served with approximately two dozen subcontractor/supplier lawsuits in connection with the KOO Projects and the Fort Hunter Liggett Project, two of which are still pending at this time (*Avcon Constructors v. K.O.O. Construction, Inc.*, E.D. Calif. Case No. 16-cv-00478 in which Avcon seeks over $990,000 and KOO seeks over $750,000, with both seeking fees, costs, and interest; and *Hudson P. Davis, Inc., dba Davis Mechanical Systems v. K.O.O. Construction, Inc.* C.D. Calif. Case no. 17-cv-8574 in which Davis seeks over $343,000 fees, costs, and interest). The rest of the aforementioned subcontractor/supplier lawsuits were resolved by settlement payments being made by TRAVELERS.

1   These lawsuits and claims necessitated the hiring by TRAVELERS of legal counsel and construction consultants to assist TRAVELERS in its investigation of the merits of the lawsuits and Bond claims and the incurring of various other fees, costs and expenses incurred for the resolution of those cases and the prosecution of this action. TRAVELERS contends that DEFENDANTS are obligated to reimburse TRAVELERS for all of these expenses, and others, under the terms of the KOO Indemnity Agreement and the 2012 TTCS Rider. KOO disputes these facts.

Regarding the TTCS Indemnity Agreement and subsequent 2012 TTCS Rider, and TTCS Projects, TRAVELERS has paid out and suffered a loss of no less than $900,000 for which it has not been reimbursed, as a result of TTCS'S failure and inability to pay its vendors and otherwise satisfy its obligations on the TTCS Projects as to which DEFENDANTS promised to indemnify TRAVELERS. KOO disputes these facts. Some of these losses were adjudicated to be due and owing to TRAVELERS in its first motion for partial summary judgment decided by the Court on December 16, 2016. (See Docket No. 75.)

As of March 31, 2014, KOO acknowledged and agreed that it was indebted to TTCS pursuant to a written or oral Promissory Note (the "TTCS Note"), in favor or TTCS, in the amount of $1,495,600.71, which represented a loan made by lender TTCS to borrower KOO in that amount, plus interest. Pursuant to the TTCS Indemnity agreement and/or the 2012 TTCS Rider, TRAVELERS is the assignee of TTCS with respect to the TTCS Note, and is the current owner of all rights, title, and interest of TTCS in the TTCS Note, and all amounts due thereunder from KOO. As of June 11, 2015, according to KOO, at least $342,235.81, plus interest, remained due and owing on the note. KOO has ceased making additional payments on the loan, in breach of its obligations under the TTCS Note, and TRAVELERS contends these funds are now due and owing to TRAVELERS as assignee. KOO disputes that there is presently any amount due and owing on the TTCS Note.

KOO's active construction projects bonded by TRAVELERS are currently winding down and are in their final stages. KOO has made post-completion Requests for Equitable Adjustment ("REAs") on some of the projects to recover additional monies owed to KOO by the Navy and the Veteran's Administration, and may be making additional REAs. KOO has filed actions in the Federal Court of Claims to enforce some of these REAs. TRAVELERS contends that it is entitled to the proceeds of any recoveries made on these REAs. KOO disputes that Travelers is entitled to the proceeds of the recoveries.

### 3. Legal Issues

TRAVELERS claims breach of contract, as to both the KOO Indemnity Agreement and the TTCS Indemnity Agreement, for KOO's and ODISTER's failure to indemnity TRAVELERS for its losses to date, and KOO's and ODISTER's failure to post collateral to protect TRAVELERS from future anticipated losses, and breach of promissory note for failure to repay the TTCS Note. KOO and ODISTER deny any liability to TRAVELERS and also contend that if any amounts are due TRAVELERS, they are less than what TRAVELERS contends.

### 4. Motions

TRAVELERS filed a Motion for Partial Summary Judgment and an Application for Writ of Attachment on August 26, 2016. On December 12, 2016 (Docket no. 75) the Motion and Writ of Attachment were granted in part. This Court ruled that KOO and ODISTER were liable to TRAVELERS for payments totaling $724,428.85 on various KOO projects and TTCS's Fort Hunter Liggett Project plus interest of $18,763.96, subject to the setoff claims asserted by KOO and Odister, which were reserved for trial. The Court also granted a writ of attachment for $2,743,193.81. TRAVELERS' motion and writ was denied without prejudice as to other amounts it was seeking, thus leaving the door open for a future motion for partial summary judgment or writ as to additional amounts owed by

1  KOO and ODISTER to TRAVELERS.

2  TRAVELERS made a second motion for partial summary judgment, which
3  sought an order from this Court that certain claim payments, fees, costs and
4  expenses be adjudged to be due and owing by KOO and ODISTER to
5  TRAVELERS pursuant to the terms and condition of the Indemnity Agreements.
6  (*See* Docket Nos. 151 *et seq.* [moving papers]; 155 *et seq.* [opposition]; 157 *et seq.*
7  [reply], and 171 *et seq.* [sur-reply].  The total judgment amount sought by the
8  motion was $4,164,822.95 for TRAVELERS' claim payments and $618,392.59 for
9  TRAVELERS' fee, cost and expense payments, for a total of $4,783,215.54.  This
10 Court heard oral argument on the motion on May 11. 2018 and on May 15, 2018
11 handed down its order partially granting TRAVELERS' motion, and denying it in
12 part without prejudice to TRAVELERS' right to pursue the denied claims in further
13 proceedings.  (See Docket no, 175).  The Court ruled that DEFENDANTS are
14 liable to TRAVELERS in the amount of $4,037,371.01 for bond claims paid by
15 TRAVELERS since this Court granted TRAVELERS' first motion for partial
16 summary judgment, and ruled that one TRAVELERS claim payment for
17 $127,451.94 to Legacy Specialties and TRAVELERS' claims for attorney,
18 consultant and investigative fees, costs and expenses would need to be tried.

19  DEFENDANTS may file a motion for change of venue to the Eastern
20 District.

21  Great American Insurance Company filed a motion to intervene, which was
22 denied.

23  **5.  Amendments to the Pleadings**

24  No amendments to the pleadings are anticipated.

25  **6.  Evidence Preservation**

26  All parties have reviewed the ESI Guidelines and have taken steps to
27 preserve evidence.

28  **7.  Disclosures**

1	The parties to this action are not aware of any dispute between the parties concerning jurisdiction or applicable law.  KOO disputes that this court is a proper venue.  The parties anticipate that all legal issues will be disputed.  The parties have made their Rule 26 disclosures.

### 8. Discovery

The parties have exchanged interrogatories and requests for production of documents.  KOO contends that TRAVELERS has taken depositions of KOO's percipient witnesses and PMK. TRAVELERS denies that it has taken the deposition of KOO's PMK.  KOO and ODISTER have not noticed any percipient depositions.  TRAVELERS plans to depose KOO's PMK once KOO fully complies its discovery obligations.

TRAVELERS has repeatedly demanded that KOO turn over its electronic accounting records.  TRAVELERS contends that KOO has failed and refused to do so. KOO contends that it has produced everything it has.  TRAVELERS contends that KOO also delayed turning over its other electronic records until September of 2017 despite TRAVELERS' demands that they be turned over since the spring of 2017. KOO contends that this was done pursuant to agreed-upon extensions. TRAVELERS anticipates making a motion to compel in the near future regarding electronic accounting records.  KOO disputes that KOO has failed or refused to comply with its discovery obligations.

The parties have the remaining discovery outstanding:

1. The deposition of KOO's person most knowledgeable;
2. The complete production of KOO's electronic accounting records; and
3. The production of expert reports and deposition of experts.
4. The deposition of TRAVELERS' person most knowledgeable. TRAVELERS contends that DEFENDANTS have not noticed the deposition of TRAVELERS' person most knowledgeable and have therefore waived the right to depose TRAVELERS' person most knowledgeable.

- 6 -

KOO disputes that it has failed to comply with document discovery previously served on KOO by failing to produce its electronic accounting records. TRAVELERS may bring a motion to compel to obtain these electronic accounting records.

Proposed changes to the limits on discovery imposed by FRCP 26(B); 30(A)(2)(A), (B) or (C); 30 (d); or 22(a): None.

At this time the parties do not anticipate the need for a protective order relating to discovery of information relating to trade secrets or other confidential research, development or commercial information, beyond the stipulated confidentiality order signed by this Court on May 12, 2017 (docket no. 117).

TRAVELERS believes that a stipulation regarding further e-discovery will not be helpful at this time because of KOO's failure and refusal to turn over previously-requested and admittedly-existing electronic accounting records, as well as other financial records. At this point it appears to TRAVELERS that a motion will be necessary to obtain these electronic documents. KOO disputes that it has failed to turn over any financial or accounting records. TRAVELERS contends that it has attempted to meet and confer regarding KOO's failure to turn over its electronic accounting documents and that KOO has refused to do so. KOO disputes this.

All discovery shall be conducted per the Federal Rules of Civil Procedure except as modified by the parties' stipulation and the order of this Court.

**9. Class Actions**

Not applicable.

**10. Related Cases**

There are two Federal lawsuits pending where TRAVELERS is a named defendant, along with KOO, due to TRAVELERS issuing bonds on behalf of KOO (*Avcon Constructors v. K.O.O. Construction, Inc.*, E.D. Calif. Case No. 16-cv-00478 in which Avcon seeks over $990,000 and KOO seeks over $750,000, with

both seeking fees, costs, and interest; and *Hudson P. Davis, Inc., dba Davis Mechanical Systems v. K.O.O. Construction, Inc.* C.D. Calif. Case no. 17-cv-8574 in which Davis seeks over $343,000 plus fees, costs, and interest). KOO has also filed several actions to enforce requests for equitable adjustment ("REAs") against the Department of the Navy and the Veterans Administration. TRAVELERS contends that it is entitled to recovery of all monies recovered on these REAs. KOO disputes Travelers' contention. These cases are only related in terms of establishing KOO's, ODISTER's and TRAVELERS' potential liabilities and damages in this case.

**11. Relief**

TRAVELERS seeks compensatory damages in the present amount of in excess of $5.3 million for the damages, fees, costs and expenses it has incurred from the date of this Court's order on TRAVELERS' first motion for partial summary judgment to the date of filing its second motion for partial summary judgment. TRAVELERS also seeks pre-judgment interest on each payment it has made from the date of such payment at the simple interest rate of 10% per year, pursuant to California Civil Code section 3289. Additionally, TRAVELERS seeks recovery of other payment obligations to KOO, minus any set-offs or credits that may be determined at trial. TRAVELERS also continues to seek to enforce via the Writ of Attachment issued by this Court on December 16, 2016 (Docket No. 75) regarding DEFENDANTS' obligation to deposit collateral in the amount of $2,743,193.81. TRAVELERS has already attached some assets of KOO, ODISTER, and certain revocable trusts of ODISTER. TRAVELERS contends that these attached assets include bank accounts whose existence ODISTER denied under oath at his deposition on August 1, 2017. ODISTER contends Travelers attachment of his 401k retirement plan was improper and may file a motion to remove the attachment lien. KOO contends that the foregoing is inaccurate, unnecessary and argumentative.

KOO seeks a judgment in its favor.

**12.   Settlement and ADR**

The parties participated in a private mediation with Robert O'Connor. That mediation was not successful in resolving this case. The parties actively participated in settlement negotiations under Magistrate Judge Corley and discussions continue but have not been successful to date.

**13.   Status of Consent to Jurisdiction of U.S. Magistrate Judge**

The parties have consented to the use of U.S. Magistrate Judge Joseph Spero for all purposes in this case.

**14.   Other References**

Not applicable.

**15.   Narrowing of Issues**

The parties will explore stipulations of fact and coming to an agreement as to the remaining payments that TRAVELERS has made on behalf of KOO and ODISTER as well as outstanding fees, costs, expenses and interest.

**16.   Expedited Trial Procedures**

The parties will discuss expedited trial procedures and will present any proposals at the final pre-trial conference.

**17.   Scheduling**

The parties will meet and confer regarding any further scheduling issues that may arise before trial. None are known at this time.

**18.   Trial**

The parties believe that the following issues are the major ones left to be tried:

1.   TRAVELERS' recovery of its attorney, expert, consultant and investigative fees, costs and expenses;

2.   TRAVELERS' entitlement to recovery of the $127,451.94 payment to Legacy Specialties, Inc.;

3. TRAVELERS' recovery on a KOO promissory note whose rights to enforce have been assumed by TRAVELERS.

4. DEFENDANTS' asserted offsets to the amounts due and allegedly due TRAVELERS;

5. Pre-judgment interest due TRAVELERS after all other issues have been tried and determined.

The Court has set a non-jury trial for October 9, 2018 at 11:00 a.m. Three days have been allocated for the trial. The final pre-trial conference will be on September 28, 2018 at 3:00 p.m.

**19.  Disclosure of Non-Party Interested Entities**

The parties have filed their disclosures.

**20.  Professional Conduct**

The Guidelines for Professional Conduct have been reviewed by the parties.

**21.  Other Matters**

Pursuant to the Court's Case Management and Pretrial Order (Docket no. 181, June 13, 2018), the parties sets forth the triable issues and details of facts to prove their claims at trial.

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

Travelers seeks to prove defendants' liability for Travelers' attorney and consultant fees and costs, and to recover other amounts, based on defendants' execution of various indemnity agreements. The parties have agreed to stipulate to the existence and validity of the indemnity agreements.

ISSUE 1: Attorney and consultant fees and costs for resolving all bond claims and lawsuits on bonds. These fees and costs were incurred in investigating, litigating and/or resolving claims made against Travelers's bonds by claimants, as opposed to fees incurred pursuing this indemnity action.

a. Claims made against Travelers' bonds. All claim payments except one (ISSUE 3 below) have already been ruled to be recoverable. Under the indemnity

1  agreements and this Court's rulings, Travelers believes that once the fees and costs incurred in connection with claims against its bonds are broken out from those incurred pursuing this indemnity action, defendants' liability is clear. For the most part, Travelers' counsel broke out fees and costs for each individual bond claim, with another, separate billing file set up for pursuit of indemnity.

b.  Submission of attorney and consultant bills to Travelers, broken out to be those incurred solely in connection with claims against Travelers' bonds. It will therefore be a simple matter to submit fee and cost invoices, and all payments thereof, as business records authenticated by Travelers' claim representative. Travelers anticipates that the fact and amount of these invoices and payments can be stipulated. If the amount, rates and/or reasonableness of these invoices is to be disputed and tried, Travelers will do so via testimony from Brittany Rose and documentary evidence of the fees and costs incurred. Travelers will be providing the bulk of the attorney and consultant bills within the next week.

c.  Review of attorney and consultant bills by Travelers to establish their reasonableness before they are paid. If the amount, rates and/or reasonableness of these invoices is to be disputed and tried, Travelers will do so via testimony from Brittany Rose and documentary evidence of the fees and costs incurred. Travelers contends that it is entitled under California law to a reasonable attorneys' fee award which may exceed the actual hourly rate billed to Travelers and will seek to recover the full amount of that reasonable attorneys' fee award. The Court is familiar with the attorney fee rates in the San Francisco area and may make an independent judgment of the reasonableness of those rates if necessary.

d.  Payment of the attorney and consultant bills by Travelers. The parties will stipulate that Travelers in fact made the payments for which it is seeking recovery at trial. If the amount, rates and/or reasonableness of these invoices is to be disputed and tried, Travelers will do so via testimony from Brittany Rose and documentary evidence of the fees and costs incurred. Travelers contends that it is

SMTD LAW LLP
A LIMITED LIABILITY PARTNERSHIP

SIXTH AMENDED JOINT CASE MANAGEMENT
STATEMENT AND RULE 26 REPORT

entitled under California law to a reasonable attorneys' fee award which may exceed the actual hourly rate billed to Travelers and will seek to recover the full amount of that reasonable attorneys' fee award. The Court is familiar with the attorney fee rates in the San Francisco area and may make an independent judgment of the reasonableness of those rates if necessary.

ISSUE 2: Defendants' liability for attorney and consultant fees and costs for pursuing indemnity against defendants.

a. As noted above, Travelers' counsel established from the outset a separate billing file for pursuit of indemnity against defendants, including bringing this action. Travelers seeks to recover its payments on attorney and consultant bills, and other vendors' invoices, from defendants separately from its pursuit of fees and costs for defending, investigating and resolving bond claims. Travelers will be providing the bulk of the attorney and consultant bills within the next week.

b. Submission of attorney and consultant bills, and other vendors' invoices, to Travelers for pursuit of indemnity. If the amount, rates and/or reasonableness of these invoices is to be disputed and tried, Travelers will do so via testimony from Brittany Rose and documentary evidence of the fees and costs incurred. Travelers contends that it is entitled under California law to a reasonable attorneys' fee award which may exceed the actual hourly rate billed to Travelers and will seek to recover the full amount of that reasonable attorneys' fee award. The Court is familiar with the attorney fee rates in the San Francisco area and may make an independent judgment of the reasonableness of those rates if necessary. c. Review of attorney and consultant bills by Travelers for reasonableness and accuracy: Travelers received and thoroughly reviewed the bills before payment, this will be established by Ms. Rose and Travelers billing guidelines which were complied with.

d. Payment of attorney and consultant invoices and other amounts by Travelers: The parties will stipulate that Travelers in fact made the payments for which it is seeking recovery at trial.

e.  Reasonableness of attorney and consultant fees: Travelers contends that it is entitled under California law to a reasonable attorneys' fee award which may exceed the actual hourly rate billed to Travelers and will seek to recover the full amount of that reasonable attorneys' fee award. The Court is familiar with the attorney fee rates in the San Francisco area and may make an independent judgment of the reasonableness of those rates if necessary.

ISSUE 3: Defendants' liability for Travelers' payment of a settlement in the amount of $127,451.94 to Legacy Specialties, Inc.

a.  In two decisions on Travelers' motions for partial summary judgment, this Court has ruled that Travelers is entitled to its payments on all bond claims except for its payment to Legacy Specialties. The Court may take judicial notice of these decisions at docket nos. 75 and 175.

b.  Travelers will introduce evidence of the reasonableness of its payment through the testimony of Rod Tompkins and other employees of Travelers' consultant, RJT Construction, as well as testimony by Travelers employee Brittany Rose as to her analysis of the information obtained from RJT Construction and other sources which led her to conclude that a $127,451.94 payment to Legacy Specialties, Inc. to settle its claim was reasonable.

c.  The parties will stipulate that Travelers in fact made the payment to Legacy Specialties, Inc. for which it is seeking recovery at trial.

ISSUE 4: Liability of KOO to Total Team Construction Services under promissory note.

a.  KOO gave Total Team Construction Services a promissory note for $1,326,158 on June 30, 2013. Keith Odister, president of KOO, admits that it is a genuine obligation and so testified under oath at his deposition, so presumably these facts can be stipulated.

b.  Travelers has incurred losses on Total Team projects far exceeding the amount of the promissory note and has been assigned any and all rights of Total Team any

1  amounts due under the note. Travelers therefore has the right under the Total Team
2  indemnity agreements signed by defendants to pursue KOO for payment under that
3  promissory note. If Travelers' losses as a result of bonding Total Team are to be
4  disputed and tried, Travelers will do so via testimony from Brittany Rose and
5  documentary evidence of the fees and costs incurred.

6  c. As a matter of law, under the terms of the indemnity agreements at issue in
7  this case Travelers has complete discretion to allocate its losses against any
8  recoveries or credits. The right to do so is set forth in the indemnity agreements
9  whose existence and validity Keith Odister has already agreed to at his deposition.

10 ISSUE 5: Pre-Judgment Interest.

11 a. Under California law, Travelers is entitled to pre-judgment interest at ten
12 person simple interest per annum on every recoverable payment it has made, as of
13 the date of that payment. Proof of this amount will be a simple matter of
14 mathematical calculation which can be performed by the Court once all issues have
15 been tried.

16 **KOO CONSTRUCTION, INC AND KEITH O ODISTER**

17 Defendants have not asserted any affirmative claims; they have asserted only
18 affirmative defenses. Thus, Defendants will address the issues listed by Travelers
19 in the same order as set forth above.

20 Issues 1 and 2: Defendants do not dispute the reasonableness of the billing
21 rates charged by Travelers' outside counsel and consultants. Defendants dispute
22 whether the scope and quantity of the legal and consulting work was reasonable and
23 necessary. Defendants contend a significant portion of the fees and costs incurred
24 by Travelers was unnecessary and therefore, unreasonable. Defendants will
25 introduce documentary and testimonial evidence regarding Travelers' refusal to
26 work with Defendants on proposals that would minimize the necessity to incur legal
27 and consulting fees.

28

Issue 3 – Defendants will introduce evidence to establish that they provided Travelers with ample evidence to refute the Legacy Specialities, Inc. claim including billing records, and other documentation.  It appears that Travelers considered some, but not all the documentation it received from Defendants.

Issue 4 – Defendants will introduce documentary and testimonial evidence to establish the Total Team promissory note was repaid in full.

Issue 5 – KOO does not have sufficient information to state a position of the amount of prejudgment interest until Travelers provides the amount of the prejudgment interest and the methodology for calculating the amount.

Issue 6 – Travelers received $1,941,506 as the final payment from the government on Total Team's Fresno VA Emergency Generators Project and its total payments on the project were less than $50,000.  Defendants were indemnitors of the project and other Total Team projects under a general agreement of indemnity.  KOO contends Travelers is obligation under the equitable doctrine of marshalling to apply the Total Team payment to amounts it paid on other Total Team projects covered by the same general agreement of indemnity.  Defendants will introduce the applicable general agreement of indemnity, evidence showing the projects covered by the general agreement of indemnity, and amounts paid by Travelers and KOO on projects covered by the general agreement of indemnity.

Dated: July 16, 2018               **SMTD LAW LLP**

By:*/s/ Edward R, Stepans*
Michael Timpane
Edward R. Stepans
Attorneys for Plaintiff
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

| | |
|---|---|
| 1  Dated: July 16, 2018 | **REYNOLDS MADDUX WOODWARD LLP** |

By: */s/ Arthur G. Woodward*
Arthur G. Woodward
Attorneys for
Defendants/Counterclaimants
K.O.O. CONSTRUCTION, INC.
AND KEITH ODISTER

SMTD Law LLP
A LIMITED LIABILITY
PARTNERSHIP

- 16 -

**SIXTH AMENDED JOINT CASE MANAGEMENT STATEMENT AND RULE 26 REPORT**